UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTIAGO GALINDO ARIAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF NORTHWEST ICE PROCESSING CENTER et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03729-JNW<br><br>ORDER |

Petitioner Santiago Galindo Arias has been detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington since September 4, 2026. Dkt. Nos. 1 at 2; 2 ¶ 1. On October 1, 2026, Galindo Arias filed a pro se petition for a writ of habeas corpus. Dkt. No. 1. The same day, he moved for a temporary restraining order (TRO) to stop Respondents from transferring him to another facility while this case is pending. Dkt. No. 2.

Under Rule 65(b), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Galindo Arias argues a TRO is warranted because he "has an upcoming in-person immigration hearing in Tacoma" and "is concerned that he could be transferred to another detention facility before the hearing." Dkt. No. 2 ¶ 7. The Court understands that removal proceedings can move quickly and unpredictably. And courts have recognized that transferring a habeas petitioner can disrupt pending litigation. *See, e.g.*, *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *7 (N.D. Cal. Aug. 21, 2025) ("Here, the Court finds that equities strongly favor Petitioner remaining in this District pending the resolution of this matter because this will expedite resolution of this matter[.]"). But the Court's Scheduling Order already addresses these concerns. *See Aslan v. Wamsley*, No. 2:25-CV-02698-JNW, 2026 WL 84000, at *2 (W.D. Wash. Jan. 12, 2026).

On October 2, 2026, the Court entered a Scheduling Order directing Respondents to show cause why the writ should not be granted and file a return by October 16, 2026. Dkt. No. 3. The Scheduling Order requires Respondents to give Galindo Arias at least seven days' notice before any action to move or transfer Galindo Arias from the Western District of Washington or to remove him from the United States. *Id.* at 2. This notice requirement ensures that Galindo Arias will have time to seek emergency relief before any transfer or removal occurs. Given the expedited briefing schedule, the Court concludes that the Scheduling Order provides adequate interim protection against the harms Galindo Arias identifies. If

Respondents provide notice of an intent to transfer or remove Galindo Arias before the Court rules on his habeas petition, he may seek injunctive relief at that time.

Accordingly, Galindo Arias's motion for a temporary restraining order, Dkt. No. 2, is DENIED WITHOUT PREJUDICE.

Dated this 2nd day of October, 2026.

Jamal N. Whitehead
United States District Judge