UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTIAGO GALINDO ARIAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF NORTHWEST ICE PROCESSING CENTER et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03729-JNW<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## 1. INTRODUCTION

Petitioner Santiago Galindo Arias is a Colombian asylum applicant who was detained after entering the United States on a B2 Visitor Visa ("Visa") and staying past his authorized period. For nearly two years, he built a life in the United States with his brothers and father, where he worked and attended college. On September 4, 2026, Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) detained him at Seattle-Tacoma International Airport ("Sea-Tac") and then transferred him to the Norwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No 8-1 at 4–5. This matter comes before the Court on

Galindo Arias's petition for a writ of habeas corpus. Dkt. No. 1. For the reasons below, the Court GRANTS the petition in part.

## 2. BACKGROUND

Galindo Arias is a citizen of Colombia who entered the United States on a B2 visitor visa on August 24, 2024, at the Miami International Airport. Dkt. No. 8-1 at 2, 4. While in the United States, he attended Cascadia College in Bothell, Washington. *Id.* at 22. He has no criminal record and was granted work authorization, which runs through October 2030. *Id.* at 5. His authorized stay expired on February 23, 2025. *Id.* at 4.

On March 31, 2025, U.S. Citizenship and Immigration Services received Galindo Arias's application for asylum. Dkt. No. 1-2 at 1. The record does not indicate that the application has been resolved. See Dkt. No. 8-1 at 7.

Galindo Arias remained at liberty in the United States until September 4, 2026, when ERO detained him at Sea-Tac before he could board a flight with his brothers and father. *Id.* 8 at 1–2. ERO arrested him on an administrative warrant based on his Visa overstay and charged him as removable. Dkt. No. 8-1 at 4. Galindo Arias was later transferred to the NWIPC. *Id.* at 5.

Galindo Arias petitioned for a writ of habeas corpus on October 1, 2026, arguing that he was unlawfully detained. Dkt. No. 1 at 3. Respondents argue that the petition presents no argument and that Galindo Arias thus cannot meet his burden to show that habeas relief is warranted. Dkt. No. 7 at 1.

In his traverse, Galindo Arias explains that at his October 6, 2026, master calendar hearing, he learned only after the hearing that a bond hearing had been set for the same day. Dkt. No. 8 at 2. Unprepared, he asked the immigration judge for another date. *Id*. As of October 21, 2026, when he signed the traverse, he had not received notice of a new bond hearing. Id. at 2–3.

## 3. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## 4. DISCUSSION

### 4.1 Galindo Arias states a claim.

"A document filed pro se is to be liberally construed, and a pro se complaint, however, inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). When ruling on a challenge that a petitioner fails to state a claim, a court must accept "all factual allegations in the complaint as true and construe the pleadings in the light most favorably to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Capp v. Cty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019). But the allegations "must 'plausibly give rise to an entitlement to relief." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Respondents question whether Galindo Arias deserves this leniency because a law office filed his petition. Dkt. No. 7 at 3 n.2. But he signed the petition under penalty of perjury and explains that the firm only transmitted it and that no attorney represents him. Dkt. No. 8 at 1. The Court treats him as a pro se petitioner.

Galindo Arias filed an immigration habeas petition. Dkt. No. 1. He "ask[s] this Court to review the legal basis for [his] continued detention under 28 U.S.C. § 2241." *Id.* at 3. He also identifies that he is currently detained at NWIPC, *id.* at 4, and he asks, in the alternative to release, for "a lawful and constitutionally adequate custody/bond determination," *id.* at 3. In his traverse, he clarifies that he learned of his bond hearing only after his master calendar hearing on the same day and had no time to prepare. Dkt. No. 8 at 2. He asked for a continuance and, as of the traverse, had not received notice of a new date. *Id.* at 2–3.

Liberally construing these factual allegations in the context of an immigration habeas petition, Galindo Arias asserts Respondents continue to detain

him without a constitutionally adequate bond hearing. Admittedly, the petition leaves much to be desired by not citing legal authority in support of release, but given his pro se status and that he is detained, the Court concludes that Galindo Arias adequately asserts that he is unlawfully detained and has not been given a bond hearing in which he can meaningfully participate and present evidence. That is enough for him to pursue his habeas claim.

Respondents also ask for an opportunity to respond if the traverse adds facts. Dkt. No. 7 at 3. But in this District, briefing on immigration habeas petitions closes with the traverse. And because the Court orders a hearing rather than release, Respondents will have a full opportunity to present their position to the immigration judge.

**4.2 Galindo Arias is not subject to mandatory detention.**

Neither party contends that Galindo Arias is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and the record confirms he is not. He was admitted to the United States and is charged with overstaying his authorized stay—a ground of deportability. Dkt. No. 8-1 at 4–6. Section 1226(a) governs the detention of such noncitizens. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026) ("§ 1226 include[s] other aliens, such as admitted aliens 'who overstay or violate the terms of their visas'"). And noncitizens "detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

Galindo Arias has not received one. The immigration court set a bond hearing, but he learned of it only after his master calendar hearing that same day, and he asked for time to prepare. He has received no new date. A hearing he didn't know about and couldn't

prepare for isn't the hearing § 1226(a) detainees are promised, and asking for time to prepare doesn't waive it. Galindo Arias is entitled to a constitutionally adequate bond hearing, with enough notice to prepare his case.

## 5. CONCLUSION

Accordingly, the Court GRANTS in part Galindo Arias's habeas petition, Dkt. No. 1, and ORDERS:

1. Respondents must provide Galindo Arias a post-deprivation bond hearing within FOURTEEN (14) days of the date of this order unless Galindo Arias requests more time. This hearing must be conducted by an immigration judge where Respondents will bear the burden of proving by clear and convincing evidence that Galindo Arias is a flight risk or a danger to the community, and that no alternatives to detention would mitigate those risks.
2. If the hearing is not held as required by this order, Respondents MUST immediately release Galindo Arias under appropriate conditions of supervision.
3. The parties must file a joint status report within SEVEN (7) days after the hearing deadline confirming whether Galindo Arias received a hearing as ordered above, and reporting whether he has been released.
4. Galindo Arias's request for immediate release is otherwise DENIED.

Dated this 18th day of November, 2026.

Jamal N. Whitehead
United States District Judge